UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
   ORLANDO VEGA,

                      Plaintiff,

           -against-

   KILOLO KIJAKAZI,
   Acting Commissioner of Social Security,[1]
   Defendant.

-------------------------------------------------------------x

No. 19-CV-1118 (OTW)

**OPINION AND ORDER**

**ONA T. WANG, United States Magistrate Judge:**

By motion dated January 19, 2022, plaintiff Orlando Vega ("Plaintiff") moves for an order awarding attorney fees pursuant to 2 U.S.C. § 406(b). (ECF 21, ECF 22).[2] Under a written contingency fee agreement ("Agreement") between Plaintiff and attorney Lewis B. Insler, if the district court reviewing the Commissioner's decision remanded Plaintiff's case (it did), and if, on remand, Plaintiff secured an award of past due benefits (he has), Plaintiff will pay 25% "of the past due benefits as an attorney fee." (ECF 22-1). The present motion asks the Court to approve a payment of $15,000, representing less than 25% of the past due benefits awarded to Plaintiff according to the Social Security Administration ("SSA"). (ECF 22).[3] The Commissioner does not object to the requested fee award but filed a brief response, noting that the Insler has already

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted for former Commissioner Andrew Saul as the named defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The parties consented to having a magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C § 636(c). (ECF 8).

[3] The SSA's Notice of Award dated January 11, 2022 indicates it withheld $28,645.00 from Plaintiff's past due benefits for payment of legal fees. (ECF 22-2 at 2).

been awarded $6,947.61 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and therefore is required to refund the smaller fee award to Plaintiff. (ECF 23). Plaintiff's motion acknowledges that Insler must refund $6,947.61 to Plaintiff if the Court grants her motion. (ECF 22 ¶ 5). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## Discussion

Section 406(b) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney **out of, and not in addition to, the amount of such past-due** benefits. In case of any such judgment, **no other fee may be payable or certified for payment** for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *accord Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Instead, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Court's reasonableness analysis looks at three factors: (1) whether the requested fees exceeds the 25% limit, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a "windfall" to counsel.

*Wells*, 907 F.2d at 372; *see, e.g.*, *Annabi v. Comm'r of Soc. Sec.*, No. 16-CV-9057 (BCM), 2020 WL 1819783, at *1 (S.D.N.Y. Apr. 9, 2020).

Here, these factors all weigh in favor of Plaintiff's request for approval of the less-than 25% contingency fee. The requested fee is within the statutory limit. 42 U.S.C. § 406(b)(1)(A); *see* Binder Aff. ¶¶ 12-13, Ex. C. There is no evidence that the Agreement was reached through fraud or overreaching. Additionally, the fee award does not constitute a windfall to Insler, who spent 32.91 hours on work related to this matter, (ECF 22-3), a reasonable amount of time for the work expended. *See Borus v. Astrue*, No. 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (noting courts find "twenty to forty hours" to be a "reasonable amount of time to spend on routine Social Security cases"). Plaintiff's work involved drafting memoranda of law in support of Plaintiff's motion for judgment on the pleadings, which included legal research and citations to a 620-page administrative record. (ECF 10, 12, 14). As a result of Insler's representation, Plaintiff achieved a favorable result: a remand from federal court to the SSA, which led to a subsequent favorable decision from the SSA finding Plaintiff disabled and entitled to benefits.

Lastly, Plaintiff's counsel acknowledges that they must return to Plaintiff the fee that they were previously paid under the EAJA. *See Gisbrecht*, 535 U.S. at 789 ("Fee awards may be made under both [§ 406(b) and the EAJA], but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits.").

**Conclusion**

For the foregoing reasons, Plaintiff's unopposed motion is **GRANTED**. The Social Security Administration is directed to approve a payment of $15,000.00 to Lewis B. Insler, Esq. Upon receipt of payment, Insler shall promptly refund $6,947.61 to Plaintiff.

**SO ORDERED.**

Dated:  May 3, 2022
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge